IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-110 |
| | ) | (VARLAN/GUYTON) |
| LATAWYNE DEWRIGHT OSBORNE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On October 18, 2006, the parties appeared before the Court for a scheduled motion hearing on Defendant Osborne's Motion For Psychological Evaluation [Doc. 12], filed on October 4, 2006. Assistant United States Attorney Brownlow Marsh appeared on behalf of the government. Attorney Philip Lomonaco appeared on behalf of Defendant, who was also present.

In Defendant's motion [Doc. 12], Attorney Lomonaco moves the Court for an evaluation of Defendant on the basis that counsel has had a difficult time communicating with Defendant and believes that there are possible mental issues that make Defendant's ability to comprehend the proceedings difficult. Counsel further indicates that he believes Defendant has psychological issues causing Defendant to commit certain acts which may be outside of Defendant's

1

conscious control. At the hearing, the government stated that it had no objection to Defendant's requested psychological evaluation.

After carefully considering Defendant's Motion For Psychological Evaluation [Doc. 12], the arguments made by defense counsel, as well as noting that the government does not object, the Court finds that Defendant Osborne's motion [**Doc. 12**] is well taken and should be **GRANTED**. Accordingly, the Court finds that Defendant Osborne should undergo a full evaluation under 18 U.S.C. §§ 4241 and 4242, to determine Defendant's mental competency and sanity at the time of the offense.

With regard to the November 9, 2006 trial date, the Court finds that the present trial date must be continued. A new trial is, therefore, scheduled for **April 17, 2007, at 9:00 a.m.**, before District Court Judge Thomas Varlan. The time during which Defendant is undergoing a mental examination is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Additionally, up to ten days of transportation time is excludable under the Act. 18 U.S.C. § 3161(h)(1)(H). Once Defendant returns from his examination, the Court will need to hold a competency hearing, the time for which will also be excludable. See 18 U.S.C. § 3161(h)(1)(F). If Defendant is found competent, the parties will need time to prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the Court finds that the ends of justice served by the continuance for an evaluation outweigh the best interest of Defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). With regard to further scheduling, a status conference and/or competency hearing is set for **January 5, 2007 at 9:30 a.m.**

It is therefore **ORDERED:**

1. Defendant is hereby committed to the custody of the Attorney General of the

United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport Defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when Defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care the Defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon as practical with copies to counsel for the government and the defendant, said report to include:

   a. Defendant's history and present symptoms;

   b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

   c. the examiner's findings; and

   d. the examiner's opinions as to diagnosis, prognosis, and

   (1) whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   (2) whether Defendant suffered from such mental disease or defect which rendered him insane at the time of the offense charged.

3. That a status hearing or hearing on the question of Defendant's competency to stand trial is presently set for **January 5, 2007 at 9:30 a.m.**, pending the return of Defendant and a report on his mental condition from the facility to which he is assigned.

4. That Defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

3

5. That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

6. That the psychiatrist/psychologist have access to all available medical records on Defendant.

7. The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and Defendant's pretrial service officer are as follows:

(a) Government's counsel: Brownlow Marsh
P.O. Box 872, Knoxville, TN 37902
(865) 545-4167

(b) Defense counsel: Philip Lomonaco
800 South Gay Street, Suite 2610
Knoxville, TN 37929
(865) 521-7422

(c) Pretrial Services Officer: Joe Cuccia
800 Market Street, Suite 120, Knoxville, TN 37902
(865) 545-4017

8. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

9. The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. A competency hearing/status conference has been scheduled for **January 5, 2007 at 9:30 a.m.**

10. The new trial date is **April 17, 2007 at 9:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge