```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF TENNESSEE
                             AT KNOXVILLE
```

| | |
|---|---|
| UNITED STATES OF AMERICA,                )                              |
|                  Plaintiff,            )                              |
| v.                                       )  No.: 3:06-CR-110            |
|                                          )        (VARLAN/GUYTON)       |
| LATAWYNE DEWRIGHT OSBORNE,                )                              |
|                  Defendant.           )                              |

## MEMORANDUM AND ORDER

Defendant Latawyne Dewright Osborne is charged in a three-count indictment [Doc. 1] alleging he possessed with intent to distribute five grams or more of cocaine base, a Schedule II controlled substance, in violation of 28 U.S.C. § 841, he possessed with intent to distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of 21 U.S.C. § 841, and possessed two firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c).  Defendant filed a Motion to Suppress the Arrest and Ultimate Fruits of the Arrest [Doc. 34], in which he argues that his arrest and the resulting search and seizure of all items of evidence from his automobile was unlawful because the police had no authority to conduct the search of his automobile which led to his arrest. Following an evidentiary hearing on the motion to suppress on May 2, 2007, Magistrate Judge H. Bruce Guyton filed a Report and Recommendation ("R&R") [Doc. 41] in which he recommended that the motion to suppress be denied.  This matter is before the Court on defendant's objection [Doc. 42] to the R&R.

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which the defendant has objected. In doing so, the Court has carefully considered Judge Guyton's R&R, the underlying briefs [Doc. 33, 36], and the parties' briefs regarding the pending objections [Docs. 42-45]. For the reasons set forth herein, the Court will overrule defendant's objection and the motion to suppress will be denied.

Defendant essentially objects to Judge Guyton's conclusion that the obtainment of his identity and resulting arrest on account of the outstanding arrest warrants against him were unreasonable and should be suppressed because "[t]he officers could only obtain the Defendant's identification by seizing and removing his wallet without probable cause." [Doc. 42 at 1.] The government argues that, "[s]ince the defendant's (Osborne's) identity is not subject to suppression, when the officers identified the defendant and found that he had outstanding warrants for his arrest, the defendant was lawfully arrested." [Doc. 45 at 1.]

After carefully reviewing the R&R, the Court agrees with Judge Guyton that the police officers had a right to obtain defendant's identity and that defendant therefore cannot allege a claim of violation of the Fourth Amendment on the basis of the officers' means of so doing. *See, e.g., U.S. v. Navarro-Diaz*, 420 F.3d 581, 586 (6th Cir. 2005). Accordingly, "even if obtained as a result of a search which went beyond the reasonable parameters of a protective sweep, can not be suppressed." [Doc. 41 at 11.] As Judge Guyton went on to aptly note, "better procedures for obtaining the defendant's identity perhaps were available," [*id.*],

but this alone does not justify the suppression of defendant's arrest and the evidence seized thereby.

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Judge Guyton whereby defendant's motion to suppress [Doc. 34] is **DENIED**.

IT IS SO ORDERED.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE