IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-110 |
| | ) | (Varlan / Guyton) |
| LATAWYNE DEWRIGHT OSBORNE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 20, 2007, for a pretrial conference and motions hearing. Latawyne Osborne was present with his attorney, A. Phillip Lomonaco. The United States was represented by Special Assistant United States Attorney W. Brownlow Marsh.

On that date, the government made an oral motion to continue the trial set to commence on August 27, 2007. The government asked for a continuance of one week. In support of this motion, AUSA Marsh explained that two officers of the Knoxville Police Department are known as "J. Holmes." Both of these officers participated in the arrest of Mr. Osborne. The government has subpoenaed one J. Holmes for the trial, but the second J. Holmes in unavailable for the August 27, 2007, trial date. AUSA Marsh explained that he simply thought they were the same officer and,

further, that the testimony anticipated by the unavailable J. Holmes is important to the government's case. Mr. Osborne opposed a continuance and asked that his trial go forward as scheduled.

The Court finds that the government was not unreasonable in believing that information about its witness, Knoxville Police Officer "J. Holmes," would refer to a single officer, and there is no allegation that the government has a dilatory purpose in requesting a continuance. The Court finds that failure to grant a short continuance would likely result in a miscarriage of justice and that the ends of justice served by granting a brief continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

Accordingly, the government's oral motion to continue is **GRANTED**. The trial of this matter is reset to commence on **September 4, 2007 at 9:00 a.m.** before the Honorable Thomas A. Varlan United States District Judge. All time between August 20, 2007 and the new trial date of September 4, 2007 shall be fully excludable under the Speedy Trial Act.

**IT IS SO ORDERED.**

ENTER:

     s/ H. Bruce Guyton
United States Magistrate Judge