UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-110 |
| | ) | (VARLAN/GUYTON) |
| LATAWYNE OSBORNE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court pursuant to the defendant's Motion To Dismiss Superseding Indictment For Prosecutorial Vindictiveness in bringing the present charges. [Doc. 104]. The motion was filed on August 25, 2008, and the government responded [Doc. 107] on September 8, 2008. The Court heard argument on the motion on September 22, 2008. The Court took the motion under advisement at the conclusion of that hearing. Assistant United States Attorney David P. Lewen represented the government at the September 22 hearing. Attorney Boyd W. Venable, III was present representing the defendant, who was also present.

The defendant is charged in a three-count indictment [Doc. 100][1] with the following: Count one-drug trafficking of crack cocaine within 1000 feet of a school; Count two-drug trafficking

---

[1] Second Superseding Indictment, filed on August 5, 2008.

1

of cocaine within 1000 feet of a school; Count three-brandishing and discharging a firearm in furtherance of drug trafficking. All three counts are alleged to have occurred on July 27, 2006.

The defendant contends in his memorandum [Doc. 105] that the Second Superseding Indictment should be dismissed because ". . . the prosecution has not uncovered any new evidence since this case is more than two years old and they have filed this Second Superseding Indictment out of hostility towards the defendant for exercising his Constitutional right to a trial." At the hearing, the defendant conceded that he had no evidence or other basis on which to show actual vindictiveness. However, the defendant argued that the Second Superseding Indictment was filed after the defendant withdrew his guilty plea, which the District Court allowed on June 23, 2008. [Doc. 90]. The Second Superseding Indictment was filed six weeks later.

The government contends [Doc. 107] that the defendant has failed to prove prosecutorial vindictiveness, because he has shown no prosecutorial stake in his exercise of a protected right. The government argues that the defendant has made no allegation of actual vindictiveness and none can be presumed based on the record in this case.

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). In the context of the plea bargaining process, Bordenkircher plainly states the law: "[b]ut in the give and take of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecutor's offer." Id. at 363.

2

AUSA Lewen stated at the hearing that he took over the case in January, 2008, from former AUSA Brownlow Marsh. He further stated that after the defendant withdrew his guilty plea, Lewen began to prepare the case for trial. In doing so, he discerned that the First Superseding Indictment, [Doc. 54] filed in August, 2007, did not contain the enhanced penalty provision now found in Count Three of the Second Superseding Indictment, specifically alleging that the defendant not only brandished a firearm, but discharged it, in furtherance of a drug trafficking crime. In the present case, the Court finds that the defendant has failed to present evidence that the federal prosecutor's decision to seek the Second Superseding Indictment was based upon the defendant's withdrawal of his guilty plea.

The Court further finds that there is no evidence that the government was motivated to seek the Second Superseding Indictment by anything other than the desire to put all allegations of the charged offenses before the jury. The defendant asserts that the government was vindictive in the timing of the Second Superseding Indictment following the withdrawal of the guilty plea. At the hearing, however, the defendant conceded that the government did not threaten to seek the Second Superseding Indictment if the defendant withdrew his guilty plea. The Court finds that the defendant has failed to show any vindictiveness or a realistic likelihood of vindictiveness.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that the defendant's Motion to Dismiss Superseding Indictment For Prosecutorial Vindictiveness [**Doc. 104**] be **DENIED**.[2]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).