UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CR-110 |
| | ) | (VARLAN/GUYTON) |
| LATAWYNE OSBORNE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

This criminal case is before the Court on defendant's Objection to Report and Recommendations [Doc. 116], in which defendant objects to Magistrate Judge Guyton's interpretation and application of *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), in his Report and Recommendation ("R&R") [Doc. 110]. The government responded [Doc. 117] arguing that the Magistrate Judge correctly applied *Bordenkircher*. As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which defendants object. In doing so, the Court has carefully considered Judge Guyton's R&R [Doc. 110], the underlying briefs [Docs. 104; 105; 107], the briefs regarding the pending objections [Docs. 116; 117], and the applicable law.

In *Bordenkircher*, the prosecutor carried out a threat made during plea negotiations to bring an additional charge against the defendant if he did not plead guilty to the offense with which he was already charged. 434 U.S. at 358-59. The Supreme Court held that defendant's due process rights were not violated by prosecutorial vindictiveness. *Id.* at 365.

Defendant Osborne argues that *Bordenkircher* is inapplicable to his case because here, the prosecutor did not make a threat to seek a second superseding indictment during plea negotiations or at the time defendant sought to withdraw his plea. [*See* Doc. 116.] Therefore, defendant argues, he did not have the opportunity to make educated decisions regarding whether to enter and later to withdraw his plea. [*See id.*]

The Court does not agree with defendant that the factual differences between this case and *Bordenkircher* warrant a different finding regarding prosecutorial vindictiveness. In *United States v. Goodwin*, 457 U.S. 378 (1982), the Supreme Court again addressed the issue of prosecutorial vindictiveness during the pretrial stages. In *Goodwin*, there was no indication that the prosecution made a threat to bring additional charges during the plea negotiation, thus, providing the defendant with notice, yet the Court found that no due process violation was established. *Id.* at 370-371, 384. Thus, the Court does not find that *Bordenkircher* is only applicable to situations where defendant warned of the potential for additional charges and, therefore, the Court finds that the Magistrate Judge properly applied it to this case.

For the reasons stated herein, defendant's objection [Doc. 116] is **OVERRULED**, the Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 110], and

2

defendant's Motion to Dismiss Superseding Indictment for Prosecutorial Vindictiveness [Doc. 104] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE