UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-110 |
| | ) | (VARLAN/GUYTON) |
| LATAWYNE DEWRIGHT OSBORNE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on three pending motions: Defense counsel's Motion to Withdraw [Doc. 138], the defendant's *pro se* untitled motion for new counsel [Doc. 139], and the defendant's *pro se* Ineffective Assistance of Counsel Motion [Doc. 141], all of which have been referred [Docs. 140 and 142] to the undersigned. The defendant, Latawyne Dewright Osborne, personally appeared before the undersigned on December 15, 2008, for a hearing on the pending motions. Assistant Untied States Attorney David P. Lewen appeared on behalf of the government. Attorney Boyd W. Venable, III, the defendant's appointed attorney, was also present.

The Court began by briefly reviewing the history of this case. The defendant was indicted in August 2006, at which time he was represented by retained Attorney A. Philip Lomonaco. The defendant was sent for a competency evaluation in October 2006 and was found competent to stand trial in late February 2007. The defendant entered a change of plea in September 2007. In December 2007, he filed a *pro se* motion requesting the appointment of counsel. The Court granted his motion to substitute counsel and appointed Attorney Kim A. Tollison to represent him. Attorney Tollison immediately moved to withdraw upon learning of a conflict of interest. In

1

January 2008, the Court appointed Attorney Alexander Brown to represent the defendant. Later that month, the defendant moved *pro se* to withdraw his guilty plea. In March 2008, the defendant was permitted to substitute Mr. Brown for a fourth appointed attorney, Mr. Venable. At that time, the Court informed the defendant that it would not consider appointing another attorney unless there was an actual conflict of interest or good cause. The District Court permitted the defendant to withdraw his guilty plea in June 2008, and in October 2008, the defendant proceeded to trial represented by Mr. Venable and was convicted. Mr. Venable has filed a Motion for a New Trial [Doc. 136] with the District Court, and the defendant's sentencing is set for February 3, 2009.

At the December 15, hearing, the government opposed the appointment of a new attorney for the defendant, arguing that Attorney Venable should continue to represent him. Mr. Venable stated that he had nothing to add to his written motion [Doc. 138], which asks that he be allowed to withdraw because he and the defendant cannot agree on how he should represent the defendant going forward. The defendant's *pro se* motions [Docs. 139 and 141] ask the Court to appoint new counsel for him and state that Attorney Venable has failed to consult with him sufficiently about his case. The Court conducted a sealed, ex parte hearing with the defendant and Mr. Venable in order to determine the extent of any problems between them. Without going into the confidential and private nature of that discussion, the Court notes that the defendant criticized Mr. Venable's representation at trial.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). In the present case, the Court found no good cause to appoint a new attorney for the defendant. The Court

2

noted that Mr. Venable had filed pretrial motions on the defendant's behalf, represented him vigorously at trial, and filed a motion for a new trial on the defendant's behalf. Accordingly, the Court informed the defendant that he could either choose to continue to be represented by Mr. Venable or he could choose to represent himself. The defendant then indicated to the Court that he chose to proceed *pro se* rather than continue to be represented by Mr. Venable.

The Supreme Court has held that a criminal defendant may proceed *pro se* if his or her decision to do so is voluntary and intelligent. Faretta v. California, 422 U.S. 806, 835 (1975) (citing Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938)). A defendant may not avoid making the choice between representation by counsel and self-representation in order to delay the trial. See United States v. Clemons, No. 97-6267, 1999 WL 196568, *5 (6th Cir. Mar. 30, 1999). "A defendant's refusal to accept one of those options does not create a safe haven from criminal proceedings." Id. Instead, after advising the defendant of the potential pitfalls of representing himself, the Court may treat a subsequent refusal of counsel as the "functional equivalent" of a valid waiver of the Sixth Amendment right to counsel. Id. In the present case, the Court reviewed with the defendant, who had been sworn, a list of questions designed to explain the obligations and difficulties of *pro se* representation, as approved by the Sixth Circuit in United States v. McDowell, 814 F.2d 245, 251-52 (6th Cir. 1987). Based upon the defendant's answers to those questions, the Court found that the defendant knowingly and voluntarily waived his right to counsel and should be permitted to represent himself.

The Court next considered the appointment of standby or elbow counsel for the defendant. The appointment of standby counsel, even over a *pro se* defendant's objection, does not violate the defendant's right to represent him or herself. McKaskle v. Wiggins, 465 U.S. 168, 183

3

(1984); Faretta, 422 U.S. at 834 n.36 (noting that the "State may–even over objection by the accused–appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary"). Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." Wiggins, 465 U.S. at 178. The Court also observed that the defendant's right to represent himself is

> not infringed when standby counsel assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure.

Id. at 183. The Court noted that the appointment of standby counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." Id. at 184.

With these principles in mind, the Court appointed Mr. Venable to remain on the case as standby counsel for the defendant pursuant to the Civil Justice Act. To the extent possible, Mr. Venable shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. He should help the defendant in overcoming routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, that the defendant himself has clearly indicated that he wants to complete. Mr. Venable may also, upon the defendant's request, aid him by means of technical assistance in the

4

presentation of his defense and the preservation of the record for appeal. Finally, the trial court may ask Mr. Venable to represent the defendant should he decide that he no longer wants to represent himself or if the termination of self-representation becomes necessary, such as if the defendant must be removed from the courtroom for disruptive behavior.

Accordingly, it is ordered that:

(1) Defense Counsel's Motion to Withdraw [**Doc. 138**] is **GRANTED**, and Attorney Venable is permitted to withdraw as the defendant's counsel of record,

(2) The defendant's *pro se* motions requesting the appointment of new counsel [**Docs. 139 and 141**[1]] are **DENIED**,

(3) The defendant is permitted to represent himself, and

(2) Mr. Venable is appointed as the defendant's standby or elbow counsel under the Civil Justice Act, pursuant to the limitations on that role stated herein.

**IT IS SO ORDERED.**

ENTER:

　　s/ H. Bruce Guyton　　
United States Magistrate Judge

---

[1] The Court notes that the defendant's most recent *pro se* motion seeking new counsel [Doc. 141] is styled as an "Ineffective Assistance of Counsel Motion." The motion sets forth no grounds for ineffective representation, but merely requests the appointment of new counsel and a hearing on his request therefore. Accordingly, the Court treats this motion as a motion for the appointment of a new attorney rather than a motion regarding the ineffective assistance of counsel.

5