UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CR-110 |
| | ) | (VARLAN/GUYTON) |
| LATAWYNE D. OSBORNE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal matter is presently before the Court several pending motions: defendant's Motion for New Trial and Request to Allow Supplement When Transcript Produced [Doc. 136]; defendant's *pro se* Motion Postpone Sentencing Date [Doc. 151]; defendant's *pro se* Motion to Currect [sic] Tipo [sic] with Defendant's Ineffective Assistance of Counsel Motion [Doc. 152]; defendant's *pro se* Specific Discovery Request as to Recovery of Ammunition Shell Casings Recovered from the Scene [Doc. 153]; defendant's *pro se* Motion for New Trial Due to Prosecutorial Misconduct and Newly Discovered Evidence [Doc. 154]; defendant's *pro se* Motion to Review the Sufficiency of the Evidence [Doc. 155]; defendant's *pro se* Motion for New Trial Due to Prosecutorial Misconduct and Newly Discovered Evidence [Doc. 158]; defendant's *pro se* motion to appoint new elbow counsel [Doc. 159]; defendant's *pro se* Motion Requesting Specific Records Under the Freedom of Information Act [Doc. 161]; defendant's *pro se* Motion to Set Aside Conviction Due to Judicial Misconduct Violating Defendants [sic] Right to Due Process of Law [Doc.

163]; and defendant's *pro se* Motion Requesting Evidence Hearing and Further Ineffective Assistance of Counsel [Doc. 164].

I.  **Background**

Defendant was indicted in August 2006. Defendant was sent for a competency evaluation in October 2006 and was found competent to stand trial in late February 2007. After substantial pretrial litigation concerning various suppression issues, on September 4, 2007, defendant pled guilty to all three counts charged in the superseding indictment in accordance with a written plea agreement.

In January 2008, defendant filed a *pro se* motion to withdraw his guilty plea. After a hearing on the matter, the Court permitted the defendant to withdraw his plea, and in October 2008, the defendant proceeded to trial represented by Attorney Boyd Venable. Attorney Venable was defendant's fourth attorney.[1] One of defendant's prior attorneys filed a motion to withdraw due to a conflict of interest soon after he was appointed, but the other two were substituted because defendant complained about their representation.

On December 1, 2008, Attorney Venable filed a Motion to Withdraw [Doc. 138], followed by defendant's *pro se* untitled motion for new counsel [Doc. 139]; and defendant's *pro se* Ineffective Assistance of Counsel Motion [Doc. 141]. These motions were referred to Magistrate Judge Guyton. In addition to the full hearing on the issue with both parties

---

[1]Defendant's counsel at the time of his guilty plea was Phil Lomonaco. On December 21, 2007, the Court substituted Kim Tollison for Phil Lomonaco, on January 3, 2008, the Court substituted Alex Brown for Kim Tollison, and on March 12, 2008 the Court substituted Boyd Venable for Alex Brown.

present, Magistrate Guyton conducted a sealed, *ex parte* hearing with the defendant and Attorney Venable in order to determine the extent of any problems between them. Though defendant criticized Attorney Venable's representation at trial, Magistrate Judge Guyton noted that Attorney Venable effectively represented defendant by filing pretrial motions on the defendant's behalf, representing him vigorously at trial, and filing a motion for a new trial on the defendant's behalf. [*See* Doc. 144.] After hearing from the defendant, Magistrate Judge Guyton told him that he could choose to represent himself, or he could continue to be represented by Attorney Venable. Defendant elected to proceed *pro se* and Magistrate Judge Guyton appointed Attorney Venable as elbow counsel. Accordingly, Magistrate Judge Guyton granted Attorney Venable's Motion to Withdraw [Doc. 138] and denied both defendant's *pro se* untitled motion for new counsel [Doc. 139] and defendant's *pro se* Ineffective Assistance of Counsel Motion [Doc. 141].

After Magistrate Judge Guyton issued his ruling allowing defendant to proceed *pro se*, defendant filed a motion entitled "Ineffective Assistance of Counsel Motion," which was also referred to Magistrate Judge Guyton. [Doc. 147.] Magistrate Judge Guyton found that this motion was without support and not well-taken, and, accordingly, he denied the motion. [*See* Doc. 157.] Defendant filed many other pro se motions, which, along with defendant's motion for new trial filed on defendant's behalf by his former counsel, are now before the Court.

3

## II. Analysis

### A. Defendant's Motion for New Trial and Request to Allow Supplement When Transcript Produced [Doc. 136]

Defendant, by and through counsel, moves for a new trial arguing that there was a variance between Count Three of the indictment and the proof at trial and the verdict is against the weight of the evidence because the government did not present proof that defendant employed firearms in furtherance of his drug crime. The government responded in opposition to this motion arguing that there was no variance in this case and that the verdict is supported by the evidence presented at trial. [*See* Doc. 137.]

Variances occur "when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989). Count Three of the Second Superseding Indictment charges defendant with possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime. The facts presented at trial showed just that. The evidence presented at trial by the government shows that defendant possessed, brandished, and discharged the gun in furtherance of his drug trafficking crime. Defendant's own testimony, and the testimony of defense witness Ebony Brown, corroborate the government's evidence. Therefore, there was no variance in this case and the verdict was not against the weight of the evidence. Accordingly, this motion will be denied.

B.   **Defendant's *pro se* Motion Postpone Sentencing Date [Doc. 151]**

Defendant moves to postpone his sentencing date to give defendant time to "get familiar with the law and proceeding." At the time defendant filed this motion, sentencing was set for February 3, 2009. The sentencing date has since been moved to February 20, 2009. Accordingly, this motion will be denied as moot.

C.   **Defendant's *pro se* Motion to Currect [sic] Tipo [sic] with Defendant's Ineffective Assistance of Counsel Motion [Doc. 152]**

The Court understands this motion to be a request to change the title of defendant's motions entitled "Ineffective Assistance of Counsel Motion," [*see* Docs. 141; 147], to "Motion for New Trial Due to Ineffective Assistance of Counsel." The Court notes that these motions for which defendant wishes to change the title have been ruled upon, and thus, this motion is denied as moot.

D.   **Defendant's *pro se* Specific Discovery Request as to Recovery of Ammunition Shell Casings Recovered from the Scene [Doc. 153]; Defendant's *pro se* Motion for New Trial Due to Prosecutorial Misconduct and Newly Discovered Evidence [Doc. 154]; defendant's *pro se* Motion to Review the Sufficiency of the Evidence [Doc. 155]; defendant's *pro se* Motion for New Trial Due to Prosecutorial Misconduct and Newly Discovered Evidence [Doc. 158]; defendant's *pro se* motion to appoint new elbow counsel [Doc. 159]; defendant's *pro se* Motion Requesting Specific Records Under the Freedom of Information Act [Doc. 161]; defendant's *pro se* Motion to Set Aside Conviction Due to Judicial Misconduct Violating Defendants [sic] Right to Due Process of Law [Doc. 163]; and defendant's *pro se* Motion Requesting Evidence Hearing and Further Ineffective Assistance of Counsel [Doc. 164]**

In each of the listed motions, defendant essentially rehashes the same argument that he was denied a fair trial because evidence and other information was withheld from him by

5

either his former attorney or the government. In many of these motions, defendant argues that the prosecution did not turn over evidence regarding shell casings recovered from the scene, which could not have come from his firearms. It is not clear to the Court whether such evidence exists at all or whether such evidence, if existing, was withheld. To the contrary, the government represents that defendant, though his former counsel, examined all of the government's evidence at the United States Attorney's Office. Additionally, even assuming that the evidence does exist and was withheld, defendant has not shown that it amounts to they type of evidence which must be disclosed. *See Brady v. Maryland*, 373 U.S. 83 (1963); *see also United States v. Bagley*, 473 U.S. 667 (1985). Thus, defendant's argument that evidence and other information was withheld from him is wholly without merit, and, accordingly, the motions relying upon that argument will be denied.

Defendant's motions requesting a new trial on all grounds other than newly discovered evidence are untimely to the extent that they do not supplement the motion for new trial timely filed by defendant's former counsel. [*See* Doc. 136.] Motions based on all grounds other than newly discovered evidence must be filed either within seven days after the verdict, or within such additional time as the court may fix during the seven-day period. Claims made after the seven-day period must be supplemental to those properly made within the seven-day period. *United States v. Nelson-Rodriguez*, 319 F.3d 12, 41 (1st Cir. 2003); *United States v. Villalpando*, 259 F.3d 934, 938 (8th Cir. 2001); *United States v. Quintanilla*, 193 F.3d 1139, 1148 (10th Cir. 1999). The only motion for new trial filed within the seven-day period was defendant's initial motion for new trial [Doc. 136], filed by defendant's

6

former counsel. The Court did not grant any additional time for filing during the seven-day window. Thus, defendant's motions for new trial on all grounds other than newly discovered evidence, which were not supplemental to those properly made within the seven-day period, are untimely and will be denied. To the extent that they are supplemental to the timely filed motion, they will be denied for the same reasons as the timely filed motion. *See* Part II.A.

Finally, defendant's motions relating to his claim of ineffective assistance of counsel will also be denied. Magistrate Judge Guyton conducted an *ex parte* hearing regarding defendant's attorney-client relationship with his former counsel and reported that although defendant criticized Attorney Venable's representation at trial, Attorney Venable was effective in that he filed pretrial motions on the defendant's behalf, represented him vigorously at trial, and filed a motion for a new trial on the defendant's behalf. [*See* Doc. 144.] Thus, any motions based upon the argument that defendant's former counsel was ineffective will be denied.

### III. Conclusion

For the reasons stated herein, the Court finds that defendant's Motion for New Trial and Request to Allow Supplement When Transcript Produced [Doc. 136]; defendant's *pro se* Motion Postpone Sentencing Date [Doc. 151]; defendant's *pro se* Motion to Currect [sic] Tipo [sic] with Defendant's Ineffective Assistance of Counsel Motion [Doc. 152]; defendant's *pro se* Specific Discovery Request as to Recovery of Ammunition Shell Casings Recovered from the Scene [Doc. 153]; defendant's *pro se* Motion for New Trial Due to Prosecutorial Misconduct and Newly Discovered Evidence [Doc. 154]; defendant's *pro se*

7

Motion to Review the Sufficiency of the Evidence [Doc. 155]; defendant's *pro se* Motion for New Trial Due to Prosecutorial Misconduct and Newly Discovered Evidence [Doc. 158]; defendant's *pro se* motion to appoint new elbow counsel [Doc. 159]; defendant's *pro se* Motion Requesting Specific Records Under the Freedom of Information Act [Doc. 161]; defendant's *pro se* Motion to Set Aside Conviction Due to Judicial Misconduct Violating Defendants [sic] Right to Due Process of Law [Doc. 163]; and defendant's *pro se* Motion Requesting Evidence Hearing and Further Ineffective Assistance of Counsel [Doc. 164] are not well-taken, and they are hereby **DENIED**.

    IT IS SO ORDERED.

    s/ Thomas A. Varlan
    UNITED STATES DISTRICT JUDGE