UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| LATAWYNE DEWRIGHT OSBORNE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 3:06-CR-110-TAV-CCS |
| | ) | | 3:13-CV-575-TAV |
| UNITED STATES OF AMERICA, | ) | | 3:09-CV-70-TAV |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Latawyne Dewright Osborne's Motion under 28 U.S.C. § 2255 to modify, reduce or vacate his sentence ("The § 2255 Motion") [Doc. 207].[1] The Government filed a response [Doc. 209]. Osborne subsequently filed a Motion For Leave to Amend 2255 Petitioner and to Add New Claims Pursuant to Federal Rules of Civil Procedure 15(a) [Doc. 212]. The Government has not filed a response to the Motion For Leave to Amend.

**I.     Factual and Procedural Background**

Petitioner was found guilty on October 8, 2008, by a jury of three counts charging violations of 21 U.S.C. §§ 814(b)(1)(B) and 860; 21 U.S.C. §§ 841(b)(1)(C) and 860; and 18 U.S.C. § 924(c)(1)(iii). On February 20, 2009, the Court entered Judgment and Petitioner was sentenced to 198 months. This judgment and sentence was affirmed by the Sixth Circuit Court of Appeals, *United States v. Osborne*, No. 3:06-CR-110, 2007 WL 1959155 (E.D. Tenn. July 2, 2007). On October 1, 2012, the United States Supreme Court denied Petitioner's Petition for a Writ of Certiorari.

---

[1] All references to the record are in case no. 3:06-CR-110-TAV-CCS.

**II. Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). Because futility of amendment is a permissible basis on which to deny a motion for leave to amend under Rule 15(a), *see Forman*, 371 U.S. at 182 (noting grant or denial of a motion to amend is within the discretion of the district court), resolution of Petitioner's motion to amend depends on whether the claims therein are futile.

Petitioner seeks to amend his Petition to additionally allege:

> Claim Three: Sixth Amendment claim of ineffective assistance of counsel where counsel, prior to trial, was not familiar with the facts and law relevant to his client's case in order to effectively mount a defense or strategy.

> Claim Four: Sixth Amendment claim of ineffective assistance of counsel where counsel, during trial, failed to object to the district court's failure to make a finding as to whether or not the offenses charged in the indictment occurred within a 1,000 feet of a school zone and whether the district court committed plain error when it failed to instruct the jury as a matter of law that it had to find that the offenses charged did occur within a 1,000 feet of a school. This significant error on counsel's behalf caused a significant increase in his client's sentence.

> Claim Five: Petitioner was denied effective assistance when his trail attorney failed to object to a magistrate judge's report and recommendation that recommended that the district court overrule his motion to suppress evidence seized from his vehicle through an unlawful search.

The Court finds that Petitioner's Motion to Amend must fail.

As to Claim Three, Petitioner makes a single solitary conclusory statement without any factual or legal support for his contention. Thus, Petitioner has not provided any, let alone sufficient, facts or law that entitle him to relief and as such is legally insufficient. Petitioner has not established nor identified any specific acts or omissions that counsels performance was deficient or that he had not provided reasonably effective assistance. *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

As to Counts Four and Five, these arguments were both specifically argued and addressed at length by the Sixth Circuit's opinion in Petitioner's direct appeal [Doc. 199]. Both of Petitioner's arguments ultimately failed and the Sixth Circuit affirmed the conviction. Petitioner cannot re-appeal these issues under the guise of a §2255 Petition.

As such, the Court finds that all of Peitioner's proposed amendments are futile, and Petitioner's Motion For Leave to Amend 2255 Petitioner and to Add New Claims Pursuant to Federal Rules of Civil Procedure 15(a) [Doc. 212] will be denied.

## III. Section 2255 Petition

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief under § 2255, a petitioner must establish "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire processing invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (internal quotations omitted). In other words, petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Under this standard, a petitioner "must clear a significantly higher

3

hurdle [to obtain relief] than would exist on direct appeal." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Petitioner alleges two grounds in his § 2255 Motion: (1) a Sixth Amendment (Trial by Jury) and a Fifth Amendment (Due Process) violation; (2) Sixth Amendment Violation (ineffective assistance of counsel). In both cases, he referenced the Court to "See Memorandum." It appears the Petitioner's "Memorandum" referred to in the Motion is contained at pages 14–34 of the Motion. In that "Memorandum," Petitioner elaborates on his two grounds set forth above. The Court will address each of these grounds in turn.

### A. Violation of Jury Trial and Due Process Rights

As to the first ground, Petitioner argues that "The District Court imposed the 10 year mandatory minimum sentence base [sic] on its finding by a preponderance of evidence that the firearm was "discharged." Because the finding of discharging increased the penalty to which movant was subjected, it was an element which had to be found by the jury beyond a reasonable doubt. The Judge, rather than the jury, found discharging, thus violating Petitioner's Sixth Amendment rights. Accordingly, the Judgment with respect to Petitioner's Sentence on the § 924(c)(1)(A), conviction should be vacated for resentencing consistent with the jury's verdict as explained in *Alleyne*"[Doc. 207 p. 20].

Petitioner clearly relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013) throughout his argument, in support of his contention that the discharge of the firearm was an element to be found by the jury rather than the judge at sentencing.

Unfortunately for Petitioner, his reliance on *Alleyne* must fail because *Alleyne* does not apply retroactively to cases on collateral review. *See In Re Mazzio*, 756 F.3d 487, 488 (6th Cir.

4

2014); *Myrick v. United States*, No. 4:11-CR-13, 2015 WL 5514681, at *2 (E.D. Tenn. Sept. 16, 2014).

Even if *Alleyne* applied retroactively, it appears Petitioner's claim would fail, inasmuch as Petitioner's own trial testimony clearly established his admission that he retrieved two guns from a friend's car, he fired one of them, and that he hid the guns from time he took them from the friend's car until he returned to his aunt's residence [Tr. 183 pp. 21–23, 26, 51–52]. The government notes Petitioner argued at sentencing the firearm that discharged was not one of the firearms recovered from his case. However, his own admission in his trial testimony belies any such argument now, just as the Court found at sentencing not only by a preponderance of the evidence but also beyond a reasonable doubt. Thus, this claim lacks merit and must fail.

### B. Ineffective Assistance of Counsel

Petitioner's second ground for relief is based on ineffective assistance of counsel. A petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1987), *see also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide reasonable "effective assistance," as measured by "prevailing professional norms." *Huff*, 734 F.3d at 606. Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted).

5

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

As to the second ground, the ineffective assistance of counsel, Petitioner argues this is based on counsel's statements in his opening statement that conceded Petitioner was a "drug dealer," which allegedly prejudiced him. However, Petitioner repeatedly admitted in his own trial testimony that he was a drug dealer [Tr. 183 pp. 15–16), that he had drugs with him he intended to sell, and had sold drugs earlier that morning [Tr. 183 pp. 23–24, 26, 30, 32–34, 49–50]. It is clear from a review of the transcript and the arguments of counsel that his strategy was to concede undisputed facts in order to try and show Petitioner admitted to things that were true and denied things that were not true. As noted by the government in its brief, this strategy "weakened the effect of the Government's drug evidence and bolstered the Petitioner's profession of innocence as to the firearms offense (i.e. the offense with the longest sentence exposure)."

In evaluating a claim of ineffectiveness of counsel, the initial inquiry is whether counsel's performance "was so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). It is well-settled that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," and that reasonable attorneys may disagree about the best strategy for defending a client. *Strickland*, 466 U.S. at 690–91; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). "Judicial scrutiny of counsel's performance must

6

be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. Petitioner has not established that counsel rendered constitutionally deficient performance by describing petitioner as a "crack addict" who had "started smoking crack . . . to get away from the problems he had" and "eventually . . . got into what everybody else does that started smoking crack, he start[ed] selling to support his habit" [Tr. 182 pp. 63]. Nor has petitioner demonstrated that he was prejudiced by that statement. In short, petitioner has not satisfied either prong of *Strickland*. Thus, this claim lacks merit and must fail.

### III. Conclusion

For the reasons discussed above, Petitioner's Motion For Leave to Amend 2255 Petitioner and to Add New Claims Pursuant to Federal Rules of Civil Procedure 15(a) [Doc. 212] will be **DENIED**. Petitioner's *Pro* Se Motion pursuant to 28 U.S.C. § 2255 [Doc. 207] will also be **DENIED**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The Clerk of Court will be directed to close case no. 3:13-CV-575.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE