UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CR-110-TAV-CCS |
| LATAWYNE DEWRIGHT OSBORNE, | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant has moved for a reduction in his term of imprisonment and term of supervised release pursuant to the First Step Act [Docs. 230, 232, 235, 237]. The government opposes defendant's motions because it argues that he is not eligible for a sentence reduction and that even if he is, the Court should exercise its discretion to deny him one [Doc. 233]. Although the Court holds that defendant is eligible for a reduction, it will **DENY** defendant's motions.

I.  **Background**

Defendant was convicted by jury trial of possession with intent to distribute cocaine base ("crack cocaine") within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 860 (Count One), possession with intent to distribute cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860 (Count Two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three) [Doc. 132]. At the time of sentencing, defendant

was held responsible for 136.7 grams of cocaine and 29.1 grams of cocaine base. Given the amount of drugs for which defendant was held responsible, defendant's base offense level was thirty (30) as to Counts One and Two. Pursuant to Application Note 10(D)(i) of USSG § 2D1.1, defendant's offense level was reduced by two (2), resulting in a total offense level of twenty-eight (28). Count Three carried a mandatory minimum of 120 months, to be served consecutively with the sentence imposed for Counts One and Two. Given the defendant's criminal history category of I, the defendant's applicable guideline range was seventy-eight (78) to ninety-seven (97) months' imprisonment as to Counts One and Two, and an effective range of 198 to 217 months' imprisonment, taking into account the mandatory consecutive sentence of Count Three.

The Court sentenced defendant on March 6, 2009, to seventy-eight (78) months' imprisonment as to Counts One and Two, and a consecutive term of 120 months' imprisonment on Count Three, for an effective sentence of 198 months' imprisonment [Doc. 171]. This sentence was within the range produced by the Guidelines. This Court denied defendant's motion to vacate under 28 U.S.C. § 2255 on April 8, 2009 [Doc. 177], and the Sixth Circuit affirmed this judgment on March 7, 2012 [Doc. 199]. The Supreme Court denied defendant's writ of certiorari on October 2, 2012 [Doc. 206]. Defendant moved the Court for leave to file an additional motion to vacate under § 2255 [Docs. 207, 212], and the Court denied this motion on September 21, 2016 [Doc. 220].

In April 2017, the Court granted defendant's motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual [Doc. 225 p. 1]. The Court's order reduced defendant's sentence to 183 months' imprisonment [*Id.* at 7]. Defendant argues that his crack cocaine conviction under Count One renders him eligible for an additional sentence reduction, this time under the First Step Act, and states that granting him a reduction to the low-end of the new guideline range would result in a release date approximating January 2020 [Doc. 232 p. 16].

II.     **Analysis**

Defendant's motion presents two questions. First, is defendant eligible for a sentence reduction under the First Step Act? Second, if he is eligible, is a reduction appropriate in defendant's case?

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404 of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). If a court imposed a sentence for a "covered offense," as defined in § 404(a), then on defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and

3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). The court only lacks authority to entertain such a motion if the sentence was previously imposed or reduced under the Fair Sentencing Act of 2010 or if the court previously considered a § 404 motion on the merits and denied it. *Id.* § 404(c). Neither limitation applies to this defendant.

Thus, the question of eligibility turns on whether defendant's conviction for possession with intent to distribute five (5) grams or more of cocaine base within 1,000 feet of a public elementary school [Doc. 171 p. 2] qualifies as a covered offense, which the parties dispute [Docs. 230, 232, 233, 234, 235]. Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010."[1]

Defendant argues his crack cocaine conviction qualifies as a covered offense because the Fair Sentencing Act of 2010 modified the statutory range for crack cocaine convictions by increasing the quantity of crack cocaine required to trigger a mandatory minimum sentence from five (5) grams to twenty-eight (28) grams [Doc. 232 p. 4–5 (citing Fair Sentencing Act of 2010, § 2(a), Pub. L. No. 111-220, 124 Stat. 2372, 2372 (2010))]. Conversely, the government asserts that defendant's offense is not covered because defendant was deemed responsible for 29.1 grams of cocaine base; thus, "the 'violation'

---

[1]. Defendant committed the relevant offense on July 27, 2006 [Doc. 171 p. 2].

involved a quantity of crack cocaine that would have triggered the same penalty after enactment of the Fair Sentencing Act" [Doc. 233 p. 3–5]. In sum, the parties disagree as to whether "covered offense" refers to the offense of conviction or the offense conduct.

While the Sixth Circuit has yet to be presented with the precise issue here, it has issued two recent decisions indicating it looks to whether the penalties for the statute of conviction have been modified when determining eligibility for a First Step Act reduction. In *United States v. Beamus*, the Court held that the district court erred in denying a request for resentencing under the First Step Act because the guidelines classified a defendant convicted of an offense involving 6.68 grams of crack cocaine as a "career offender." 943 F.3d 789, 791 (6th Cir. 2019). In finding that defendant was eligible for resentencing, the Court stated, "Beamus's enhanced sentence was still set by § 841, and the penalties for it were legislatively modified by the Fair Sentencing Act." *Id.* at 792. Just last month, in *United States v. Woods*, the Court decided that a defendant's postrevocation sentence qualified as a "covered offense," where defendant "pled guilty to aiding and abetting possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1)— a federal criminal statute, the statutory penalties for which were modified by § 2 of the Fair Sentencing Act." No. 19-5685, 2020 WL 547330, at *2 (6th Cir. Feb. 4, 2020).

In apparently adopting the "offense of conviction" interpretation of "covered offense," the Sixth Circuit agrees with every other federal appellate court to confront the

issue and a slew of federal district courts.[2] While the Court finds the government's textual analysis of § 404(a) persuasive [Doc. 233 p. 4–5], it believes itself bound to follow the path indicated by *Beamus* and *Woods*. Accordingly, the Court holds that defendant's crack cocaine conviction under 21 U.S.C. § 841(a)(1), a federal statute whose penalties under § 841(b)(1)(B) were modified by § 2 of the Fair Sentencing Act, is a "covered offense" and that defendant is eligible for a sentence reduction under the First Step Act.

However, despite defendant's argument to the contrary [Doc. 234 p. 14–15, 17], his eligibility for a sentence reduction does not entitle him to a plenary resentencing

---

[2.] *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("We thus conclude that whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is McDonald's statute of conviction that determines his eligibility for relief . . . ." (citing *Beamus*, 943 F.3d at 792, and *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019)); *Wirsing*, 943 F.3d at 185 (4th Cir. 2019), *as amended* (Nov. 21, 2019) ("The most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'"); *cf. United States v. Foley*, No. 19-11847, 2020 WL 104349, at *1 (11th Cir. Jan. 9, 2020) ("Because the district court sentenced Foley under § 841(b)(1)(C), which was not modified by section 2 or 3 of the Fair Sentencing Act, Foley is not eligible for relief"); *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, Martinez's crime of conviction is not a 'covered offense' under the Act.").

Some district courts have interpreted "covered offense" to refer to the conduct underlying the violation. *See, e.g.*, *United States v. Blocker*, 378 F. Supp. 3d 1125, 1129 (N.D. Fla. 2019) ("The indictment-controls theory misreads the statute and is demonstrably inconsistent with Congress's intent."), and *United States v. Haynes*, No. 8:08CR441, 2019 WL 1430125, at *2 (D. Neb. Mar. 29, 2019). However, most district courts have disagreed with the government's interpretation, including two in this district. *See, e.g.*, *United States v. Graves*, No. 2:04-cr-070, 2019 WL 3161746, at *2 (E.D. Tenn. July 15, 2019) (finding that "covered offense" refers to the statute of conviction, not the underlying conduct), *United States v. Hill*, No. 4:10-cr-00005-1, 2019 WL 4647259, at *1 (E.D. Tenn. Sept. 24, 2019) (same), and *United States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. 2019) (same).

proceeding. "The First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion." *Beamus*, 943 F.3d at 792; *see* § 404(b) ("A court . . . may . . . impose a reduced sentence . . .") (emphasis added); § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). As the Sixth Circuit stated in *United States v. Alexander*, "[t]he First Step Act's limited, discretionary authorization to impose a reduced sentence is inconsistent with a plenary resentencing." No. 19-1522, 2019 WL 8135307, at *2 (6th Cir. Oct. 18, 2019) (citing *United States v. Hegwood*, 934 F.3d 414, 418–19 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Boulding*, 379 F. Supp. 3d 646, 653 (W.D. Mich. 2019); *Dillon v. United States*, 560 U.S. 817, 826 (2010)) (holding that First Step Act did not require district court to conduct a de novo resentencing hearing). "Furthermore, Federal Rule of Criminal Procedure 43 states that a defendant must be present at sentencing but need not be present if '[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c),'" and § 3582(c)(1)(B) applies to First Step Act motions. *Id.* (citing Fed. R. Crim. P. 43(b)(4)). Thus, "a sentence reduction authorized by the First Step Act and § 3582(c)(1)(B) does not require a de novo resentencing hearing" at which defendant has a right to be present and allocute. *Id.* (citing *Dillon*, 560 U.S. at 827–28).

As follows from a court's limited authorization to impose a reduced sentence, its analysis pursuant to § 404(b) is circumscribed; it must impose a reduced sentence "as if [the Fair Sentencing Act was] in effect at the time the covered offense was committed."

7

§ 404(b); *see also Alexander*, 2019 WL 8135307, at *2.[3] As the Fifth Circuit has stated, "[t]he district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Hegwood*, 934 F.3d at 418–19.

Thus, similarly to the time of the original sentencing, a Court may decide whether or to what extent to impose a reduced sentence by considering defendant's revised guidelines range, criminal history, conduct while incarcerated, and any other relevant 18 U.S.C. § 3553(a) factors. *Beamus*, 943 F.3d at 792 ("In exercising [his] discretion, a judge may take stock of several considerations, among them the criminal history contained in the presentence report."); *Graves*, 2019 WL 3161746, at *4 (granting defendant a sentence reduction after considering the relevant § 3553(a) factors and defendant's conduct while incarcerated); *United States v. Berry*, No. 1:09-cr-05-2, 2019 WL 2521296, at *4 (W.D. Mich. June 19, 2019) (holding that courts considering whether to reduce a sentence under § 404 look to "the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, any amendments to the guidelines range, and post-sentencing conduct"); *cf.* Dillon, 560 U.S. at 827 (holding that "[b]ecause reference to § 3553(a) is

---

[3.] The Fifth Circuit, in an opinion cited by the *Beamus* court, has compared the "mechanics" of resentencing under § 404 of the First Step Act to the limited authority granted to courts for reductions under 18 U.S.C. § 3582(c). *Hegwood*, 934 F.3d at 418. Looking to the statutory text of § 404(b), the Fifth Circuit noted that the "only explicit basis stated for a change in the sentencing" is adjusting the calculations under the Sentencing Guidelines "'as if' the lower drug offense sentences were in effect at the time of the commission of the offense." *Id.* It then reasoned that because the expression of one thing generally excludes another in statutory construction, "[t]he express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010 . . . supports that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense." *Id.*

appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings"); *contra United States v. Swain*, No. 03-20031, 2019 WL 6840490, at *2 (E.D. Mich. Dec. 16, 2019) (citing *United States v. Flack*, 941 F.3d 238, 240 (6th Cir. 2019)) (holding that considering evidence of a defendant's rehabilitation requires the court to hold a resentencing hearing).

When the Court previously reduced defendant's sentence, it did so by granting defendant's motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual [Doc. 225 p. 1]. Applying Amendment 782, defendant's revised base offense level was twenty-four (24), and his new total offense level was twenty-four (24) [*Id.* at 5 (citing U.S. Sentencing Guidelines Manual § 1B1.10(b)(1)). With a total offense level of twenty-four (24) and a criminal history category of I, defendant's restricted, amended guideline range was sixty (60) to sixty-three (63) months' imprisonment as to Counts One and Two and an effective range of 180 to 183 months [*Id.*]. The Court ultimately reduced defendant's sentence to 183 months' imprisonment from 198 months, a revised sentence at the high-end of the guideline range [*Id.* at 4, 7]. In support of its ruling, the Court stated:

> As an initial matter, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of the defendant's offense(s) and the defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government and the Probation Office inform the Court that the defendant has been sanctioned on fourteen separate occasions, one of which occurred after the defendant filed the instant motion. The government states that it nonetheless defers to the Court's discretion whether to grant a reduction in the defendant's sentence, and, if so, to what extent [Doc. 223 p. 4].

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782. The Court has also taken into consideration the risk the defendant poses to public safety, the nature and circumstances of the defendant's offense(s), the defendant's personal characteristics, criminal history, and post-sentencing conduct.

[*Id.* at 5–7].

If the Court imposed a reduced sentence as if the Fair Sentencing Act's crack cocaine penalty provisions were in effect at the time defendant committed the covered offense, defendant's new effective guideline range would be 171 to 183 months' imprisonment. Thus, the upper-end of the guideline range would remain the same as the range that applied at the time of defendant's earlier sentence reduction, while the low-end of the guideline range would be nine (9) months shorter due to the elimination of the mandatory minimum for defendant's crack cocaine conviction.

Defendant has not presented new facts that would cause the Court to revise its earlier analysis, and the United States Probation Office has indicated that defendant has incurred an additional disciplinary sanction since the Court granted him a sentence reduction to 183 months. Thus, the considerations supporting the Court's previous reduction of defendant's sentence to the high-end of the guideline range, 183 months, remain the same, and the new low-end of the range does not alter this analysis.

## III. Conclusion

Accordingly, the Court will **DENY** defendant's motions [Docs. 230, 232, 235, 237] for a reduction of his terms of imprisonment and term of supervised release under the First Step Act. All provisions of the judgment dated March 6, 2009 [Doc. 171] shall remain in effect, except as otherwise modified by the Court's order reducing defendant's sentence to 183 months [Doc. 225].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE